UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ULYSSES WILLIAMS,

Plaintiff,

-against-

STEVEN H. SINDOS, LEGAL AID
SOCIETY, SUPERINTENDENT, ULSTER
CORRECTIONAL FACILITY,
SUPERINTENDENT, OTIS BANTUM
CORRECTIONAL FACILITY,

Defendants.

---

08 Civ. 00378 (GBD)

**NOTICE OF MOTION
TO DISMISS THE
COMPLAINT**

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Steven H. Sindos affirmed on June 13, 2008, and upon the exhibits attached thereto, and upon the accompanying Memorandum of Law, and upon the pleadings herein, Defendants, the Legal Aid Society and Steven H. Sindos, will move this Court, before Honorable James C. Francis, United States Magistrate Judge, at the Daniel Patrick Moynihan United States Courthouse, located at 500 Pearl Street, Court Room 18D, New York, New York, on the 11th day of July, 2008, at 10:00 am for an order:

- dismissing the Complaint in its entirety pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the court lacks subject matter jurisdiction over this controversy because under 42 U.S.C. §1983 neither the Defendant the Legal Aid Society nor Defendant Steven H. Sindos is a state actor and Plaintiff is not claiming deprivation of a federal right; and

- for such other and further relief as this Court deems just, proper, and
  equitable.

PLEASE TAKE FURTHER NOTICE that opposition papers, if any, should be served upon the undersigned by June 30th, 2008.

PLEASE TAKE FURTHER NOTICE that reply papers, if any, shall be served by the undersigned by July 8th, 2008.

Dated:        New York, New York
              June 17, 2008

                          ROSEN & LIVINGSTON

                          By: _____
                              Deborah B. Koplovitz (#DK 1131)
                          Attorneys for Defendants the Legal Aid Society and
                          Steven H.  Sindos
                          275 Madison Avenue, Suite 500
                          New York, New York 10016
                          (212) 687 – 7770

To:     Ulysses Williams, Plaintiff *Pro Se*
        2559 Sedgwick Avenue, Apartment 4A
        Bronx, New York 10468

        Ulster County Correctional Facility
        Attn: Superintendent
        P.O. Box 800
        Napanoch, New York 12458

        Otis Bantum Correction Center
        Attn: Superintendent
        16-00 Hazen Street
        East Elmhurst, New York 11370

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ULYSSES WILLIAMS,

        Plaintiff,

    -against-

STEVEN H. SINDOS, LEGAL AID
SOCIETY, SUPERINTENDENT, ULSTER
CORRECTIONAL FACILITY,
SUPERINTENDENT, OTIS BANTUM
CORRECTIONAL FACILITY,

        Defendants.

08 Civ. 00378 (GBD)

**AFFIRMATION IN
SUPPORT OF
DEFENDANTS', THE
LEGAL AID SOCIETY
AND STEVEN H. SINDOS,
MOTION TO DISMISS**

STEVEN H. SINDOS, an attorney employed by the Legal Aid Society and one of

the Defendants in the above-captioned matter, makes this affirmation under the penalties of

perjury in support of a motion by of the Legal Aid Society and myself (collectively

referred to as "Legal Aid") to dismiss this case on the grounds that this Court lacks subject

matter jurisdiction to entertain the matters pleaded against Legal Aid.

    1.    This motion is brought pursuant to Rule 12(b)(1) of the Federal Rules of

Civil Procedure (FRCP).

    2.    A review of Legal Aid's file indicates that I was the attorney assigned to

represent Mr. Ulysses Williams in connection with his arrest for assault. According to my

file, Mr. Williams was arrested on June 4th, 2007 and Legal Aid was assigned to represent

him on June 5th, 2007. Legal Aid represented Mr. Williams between the period of June 5th

and August 8th of 2007.

    3.    This affirmation is being made in support of the motion to dismiss the

complaint on the grounds that this court lacks subject matter jurisdiction.

4.      It appears that Plaintiff brought his complaint pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983. A copy of the Summons and Complaint, annexed hereto as "Exhibit A."

5.      The claim against Legal Aid is nothing more than a claim for legal malpractice and has no constitutional overtones or other overtones sounding in federal law.

6.      28 U.S.C. §1331 gives the court subject matter jurisdiction where there is a federal question.

7.      42 U.S.C. §1983 provides for a private right of action only against state actors. As the Second Circuit has held on numerous occasions, neither the Legal Aid Society nor its employees is a state actor. The accompanying memorandum of law cites to the applicable cases for that principle

8.      Accordingly because Legal Aid is not a state actor the complaint fails as a matter of law.

9.      The gist of Plaintiff's complaint is that he is dissatisfied with the legal services provided by Legal Aid; this claim arises solely out of New York State Law.

10.      Plaintiff is domiciled in New York State, as is Legal Aid.

11.      When there is neither a federal claim in an action, nor diversity between the parties, a District Court simply has no jurisdiction over the matter. This Court should grant the Defendant's motion to dismiss on these grounds.

12.      As Legal Aid is not a state actor, and because there is no federal law at issue between Legal Aid and Plaintiff, and because there is no diversity of citizenship, this court lacks subject matter jurisdiction as to the Legal Aid Society and Steven H. Sindos.

13.    No prior request for the instant relief has been made.

Dated:        Brooklyn, New York
              June ___3___, 2008

                                                   _____
                                                         Steven H. Sindos

Exhibit A

# 2

JUDGE WOOD

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

08 CV 00378

Ulysses Williams

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Steven H. Sindos

Legal Aid Society

Ulster Correctional Facility

Otis Bantum Correctional Center

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**COMPLAINT**

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☒ Yes ☐ No

*(check one)*

I. **Parties in this complaint:**

A.  List your name, identification number, and the name and address of your current place of
    confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
    as necessary.

Plaintiff    Name          Ulysses Williams, Apt. # 4 A

             ~~ID #~~        2559 Sedgwick Ave.

             ~~Current Institution~~  Bronx, New York 10468

             Address       _____

B.  List all defendants' names, positions, places of employment, and the address where each defendant
    may be served. Make sure that the defendant(s) listed below are identical to those contained in the
    above caption. Attach additional sheets of paper as necessary.



RECEIVED
NOV 05 2007
PRO SE OFFICE

I

Defendant No. 1   Name _Steven H. Sindos, 7th Flr._ ~~Shield #~~
                  Where Currently Employed _Legal Aid Society_
                  Address _111 Livingston Street_
                  _Brooklyn, N.Y. 11201_

Defendant No. 2   Name _Legal Aid Society_  ~~Shield #~~
                  ~~Where Currently Employed~~
                  Address _111 Livingston Street_
                  _Brooklyn, N.Y. 11201_

Defendant No. 3   Name _Superintendent_   Shield #_____
                  Where Currently Employed _Ulster Correctional Facility_
                  Address _P.O. Box 800_
                  _Napanoch, N.Y. 12458_

Defendant No. 4   Name _Superintendent_   ~~Shield #~~
                  Where Currently Employed _Otis Bantum Correction Center_
                  Address _1606 Hazen Street_
                  _East Elmhurst, N.Y. 11370_

Defendant No. 5   Name _____   Shield #_____
                  Where Currently Employed _____
                  Address _____
                  _____

## II.   Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur? _Otis Bantum_
_Correction Center, 1600 Hazen St., E. Elmhurst, N.Y._

B.   Where in the institution did the events giving rise to your claim(s) occur? _____
_N/A_

C.   What date and approximate time did the events giving rise to your claim(s) occur? _____
_July 31st 2007_

D.    Facts: _Please Read Attached Documents_____

**What happened to you?**

**Who did what?**

**Was anyone else involved?**

**Who else knew what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_Continued Fear, Paranoia, Mental Depression,_
_Suicidal Thoughts. Destruction of Credit History,_
_$20,000 in debt for loans to maintain Apartment,_
_Utilities, Car, Insurance, while incarcerated_

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _✓_   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). _Ulster Correctional Facility_

_____

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ✓   No _____   Do Not Know _____

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____   No ✓   Do Not Know _____

If YES, which claim(s)? _____

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ✓   No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____   No _____

E.   If you did file a grievance, about the events described in this complaint, where did you file the grievance? _Ulster Correctional Facility_

1.   Which claim(s) in this complaint did you grieve? _____
_Unlawful Incarceration, Errors In Computation_

2.   What was the result, if any? _Grievance Department has no_ _jurisdiction over time computation_

3.   What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _____

_Complained to Parole, Counselor, Superintendent_
_Had family complain to Parole, Courts, Legal Aid_
_and Rikers Island OBCC._

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here: _____

_____

_____

_____

2.   If you did not file a grievance but informed any officials of your claim, state who you

informed, when and how, and their response, if any:_____

_____

_____

_____

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative
remedies. _____

I would have served a minimum of 47 days
passed my Max. Release date if it were not
for my family unyielding effort and pressure
placed on legal Aid Society to do the right thing
and correct the error.

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your
administrative remedies.

V.    **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that
you are seeking and the basis for such amount).

Seven (7) Million Twenty (20) Thousand Dollars
A Million for every day Unlawfully Incarcerated, Pain
& Suffering to myself and family.

Twenty (20) Thousand to Repay debt (loans)

_____

_____

_____

_____

_____

_____

_____

VI.    Previous lawsuits:

<div style="float:left; border:1px solid black; padding:2px">On these claims</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____    No ✓

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

    2.    Court (if federal court, name the district; if state court, name the county) _____
_____

    3.    Docket or Index number _____

    4.    Name of Judge assigned to your case _____

    5.    Approximate date of filing lawsuit _____

    6.    Is the case still pending? Yes _____ No _____

        If NO, give the approximate date of disposition _____

    7.    What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____
_____

<div style="float:left; border:1px solid black; padding:2px">On other claims</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes _____    No ✓

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

    2.    Court (if federal court, name the district; if state court, name the county) _____
_____

    3.    Docket or Index number _____

    4.    Name of Judge assigned to your case _____

    5.    Approximate date of filing lawsuit _____

    6.    Is the case still pending? Yes _____ No _____

        If NO, give the approximate date of disposition _____

*Rev. 05/2007*                                        6

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this __6__ day of __November__, 200_7_

Signature of Plaintiff    _Ulysse Williams_

~~Inmate Number~~    _____

~~Institution~~ Address    _2559 Sedgwick Ave._

_Bronx, NY. 10468_

_Apt. # 4A_

_(718) 679-6488_

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

D.      Facts

I was unlawfully transferred into state custody and held seven (7) days passed my Maximum Expiration Date.

1) Steven H. Sindos was my attorney that never told me my rights.  Never defended me and never showed up for any court dates.  This lack of ineffective legal assistance forced me to take a plea; in-which, I had always wanted to take to trial.  He never informed me of the courts plea offer nor any other action.  Did not returned any calls from myself nor my family.  Refused all attempts I made for a Counsel visit.

2) Legal Aid Society.  I was told the reason Legal Aid intentionally assigned an attorney to me that Legal Aid were aware was about to go on vacation at that time is because I was on Parole and Legal Aid believed I would not be going anywhere any time soon .  In other words my best interest was not a part of their plan.

3) Ulster Correctional Facility.  Through all of my write-ups (complaints) through Grievance, my facility Counselor, facility Parole Officer, the Senior facility Parole Officer, Inmate Records and Superintendent, knew due to my pointing out factual errors in their records that I was unlawfully incarcerated in State Custody, yet no-one did anything to help me.

4) Otis Bantum Correctional Center.  OBCC received my commitment papers from the courts on the day of sentence, clearly stating time served concurrent  yet transferred me into state custody without challenge.

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*                     *08 Civ. 00378 (GBD)*

ULYSSES WILLIAMS,,

                              Plaintiff,

         -against-

STEVEN H. SINDOS, LEGAL AID SOCIETY, SUPERINTENDENT, ULSTER
CORRECTIONAL FACILITY, SUPERINTENDENT, OTIS BANTUM CORRECTIONAL
FACILITY,

                              Defendants.


## *NOTICE OF MOTION TO DISMISS THE COMPLAINT*


### *ROSEN & LIVINGSTON*

*Attorneys for Defendants*
*The Legal Aid Society and Steven H. Sindos*

*Office and Post Office Address, Telephone*
*275 Madison Avenue, Suite 500*
*New York, New York 10016*
*(212) 687-7770*

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that upon*
*information and belief and reasonable inquiry, the contents of the annexed document(s) are not frivolous.*

*Dated:     June 13, 2008*              *Signature:*

                                        *Print Signatory's Name:*


**Service of a copy of the within**                    **is hereby admitted.**

**Dated,**

              **Attorney(s) for**              ..........................................

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    08 Civ. 00378 (GBD)


-----------------------------------------------------------------------------X

                                                        **AFFIDAVIT OF SERVICE**

ULYSSES WILLIAMS,

                              Plaintiff,

         -against-

STEVEN H. SINDOS, THE LEGAL AID SOCIETY, SUPERINTENDENT, ULSTER
CORRECTIONAL FACILITY, SUPERINTENDENT, OTIS BANTUM CORRECTIONAL
FACILITY,

                              Defendants.
-----------------------------------------------------------------------------X

STATE OF NEW YORK              )
                               ) ss:
COUNTY OF NEW YORK             )

         I, Stephanie Spell, being duly sworn, depose and say:  I am not a party to
the action, am over 18 years of age and reside in Brooklyn, New York:

         On June 17, 2008 I served the attached copy of **Notice of Motion to
Dismiss the Complaint** regular mail in an official postage paid wrapper marked under
the exclusive care and custody of the U.S. Postal Service within New York State,
addressed to the following at the last known address set forth below:

Ulysses Williams, Plaintiff *Pro Se*      Ulster County Correctional      Otis Bantum Correction Center
2559 Sedgwick Avenue, Apt. 4A       Facility                        Attn:  Superintendent
Bronx, NY 10468                     Attn:  Superintendent           16-00 Hazen Street
                                    P.O. Box 800                    East Elmhurst, NY 11370
                                    Napanoch, NY 12458

                                                        Stephanie Spell
                                                        Stephanie Spell

Sworn to before me this
17th of June, 2008


Notary Public

DEBORAH B. KOPLOVITZ
Notary Public, State of New York
No. 02KO6146287
Qualified in New York County
Commission Expires May 15, 20_15_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------X

ULYSSES WILLIAMS,

                          Plaintiff,              08 Civ. 00378 (GBD)

    - against -

STEVEN H. SINDOS, THE LEGAL AID SOCIETY,
SUPERINTENDENT, ULSTER CORRECTIONAL FACILITY,
SUPERINTENDENT, OTIS BANTUM CORRECTIONAL
FACILITY,

                          Defendants.

--------------------------------------------X


          MEMORANDUM OF LAW ON BEHALF OF DEFENDANTS
          THE LEGAL AID SOCIETY AND STEVEN H. SINDOS
      IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

ROSEN & LIVINGSTON
275 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 687-7770

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ULYSSES WILLIAMS,

           Plaintiff,

    -against-

STEVEN H. SINDOS, LEGAL AID
SOCIETY, SUPERINTENDENT, ULSTER
CORRECTIONAL FACILITY,
SUPERINTENDENT, OTIS BANTUM
CORRECTIONAL FACILITY,

           Defendants.

08 Civ. 00378 (GBD)

---

**MEMORANDUM OF LAW ON BEHALF OF DEFENDANTS
THE LEGAL AID SOCIETY AND STEVEN H. SINDOS IN
SUPPORT OF THEIR MOTION TO DISMISS THE
COMPLAINT**

**Preliminary Statement**

This memorandum is submitted on behalf of Defendants the Legal Aid Society and Steven H. Sindos (sometimes collectively referred to as the "Legal Aid Defendants").

The Legal Aid Society was retained to represent the Plaintiff, Ulysses Williams, on June 5th, 2007. Defendant, Steven H. Sindos, is an attorney licensed to practice law in the state of New York and is employed by Defendant, the Legal Aid Society. It is in that capacity that Steven H. Sindos, as an employee of the Legal Aid Society, acted as counsel to the Plaintiff. The Legal Aid Society represented the Plaintiff from June 5th, 2007 until August 8th of the same year.

The gist of Plaintiff's complaint as it pertains to the Legal Aid Defendants is that he is dissatisfied with the legal services that were provided by Legal Aid. The Plaintiff brings this suit pursuant to 42 U.S.C. §1983.

The relief requested by the Legal Aid Defendants should be granted and the complaint should be dismissed because this Court lacks subject matter jurisdiction to hear this case.

## POINT I

### THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO ESTABLISH SUBJECT MATTER JURISDICTION

The claims against the Legal Aid Defendants should be dismissed because there is no federal question, there is no diversity of citizenship, the Legal Aid Defendants are not state actors, and because plaintiff has alleged no deprivation of a federal right. Accordingly, this court lacks subject matter jurisdiction under 42 U.S.C. 1983.[1]

In order to hear a claim, the Court must have subject matter jurisdiction over the issue. Federal subject matter jurisdiction is generally conferred on the federal district courts by §1331 and §1332 of title 28 of the United States Code ("§1331" and "§1332" respectively), as well as through jurisdictional provisions of particular federal statutes.

§1331 confers subject matter jurisdiction on District Courts when there is a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. The Second Circuit has held that a legal malpractice claim by a *pro se* plaintiff does not constitute a federal question and therefore the case must be dismissed for lack of subject matter jurisdiction. Russell v. Legal Aid Soc. Of New York, 200 Fed.Appx. 37, 2006 WL 2853023 (2nd Cir. 2006). Here, as Plaintiff's claims are purely claims of legal malpractice, there is no federal question at issue.

---

[1] 28 U.S.C. §1343 grants the district courts original jurisdiction over §1983 claims.

§1332 (a)(1) grants original jurisdiction on the District Courts when there is diversity of citizenship between the two parties involved in the suit and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. §1332(a)(1). A party's citizenship for the purposes of a §1332 claim is determined by their domicile. "Domicile is 'the place where a person has his true fixed home and principal establishment, and to which whenever he is absent, he has the intention of retuning.'" Palazzo ex rel Delmage v. Corio, 232 F.3d 38, 42 (2nd Cir. 2000). As Williams resides in Bronx County of New York, and has shown no intention of changing his domicile, he is a citizen of New York for the purposes of §1332. Williams' Complaint p.1. Section (c)(1) of 1332 states that the domicile of a corporation is any state in which it is incorporated. Legal Aid is a not-for-profit legal services organization that is a citizen of New York as well. As both Plaintiff and Defendants are citizens of the same state, there is no diversity subject matter jurisdiction under §1332.

The final way the court could have subject matter jurisdiction is through a federal statute which bestows original jurisdiction on the district courts. Sullivan v. American Airlines, Inc., 424 F.3d 267 (2nd Cir. 2005). Though inartfully drafted, it appears that the Plaintiff is making a claim against Legal Aid Defendants under 42 U.S.C. §1983.[2] 42 U.S.C. §1983 provides that

> "every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory, or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges,

---

[2] The pleadings of a *pro se* plaintiff are held to a less stringent standard than those drafted by lawyers. The Court " 'must construe the complaint liberally' and 'interpret [it] to raise the strongest arguments that it suggests.' " Hernandez v. Goord, 312 F.Supp.2d 537, 543 (S.D.N.Y. 2004), (citing, Haines v. Kerner, 404 U.S. 519, 520 (1972); Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting, Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).).

of immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…" 42 U.S.C. 1983 .

It is well settled law that in order to state a §1983 claim, Plaintiffs must allege conduct, under color of state law, that deprives them of rights which are secured by the constitution or laws of the United States. Wilson v. Gatcia, 471 U.S. 261, 278 (1985) (citing, Almond v. Kent, 459 E.2d 200, 204 (CA4 1972).). The "under color of state law" requirement of a §1983 claim is synonymous with the term 'state action.' United States v. Price, 383 U.S. 787 (1966),  Here, Plaintiff fails to meet that standard. Legal Aid Defendants are not state actors, and therefore do not act 'under color of state law.'

The Second Circuit has held that the Legal Aid Society is not a state actor for the purposes of a §1983 claim. Lefcourt v. The Legal Aid Soc., 445 F.2d 1150 (2d Cir. 1971); see also Graseck v. Mauceri, 582 F.2d 203 (2d Cir. 1978). "It cannot be said that the [Legal Aid]  Society acts under color of state law by virtue of the financial and other benefits which it receives from the City and various other governmental agencies, courts, and subdivisions, since there has been no sufficient showing of governmental control, regulation or interference with the manner in which the Society conducts its affairs." Id. at 1155. In Lefcourt, a former Legal Aid attorney tried to bring a §1983 claim against Legal Aid after he was discharged. The court held that although there are connections between the Legal Aid Society and the state, precedent clearly establishes the fact that Legal Aid is not state actors for the purposes of a  §1983 claim. Id.

In addition, §1983 provides a federal remedy for the deprivation of rights, privileges, or immunities secured by the U.S. Constitution and federal law. Gonzaga Univeristy v. Doe, 536 U.S. 273, 279 (2002). Because Plaintiff's claims against the Legal

Aid Defendants arise solely out of a New York State common law claim for legal malpractice, no federal law is implicated and Plaintiff's claim fails as a matter of law on these additional grounds.

## CONCLUSION

Because the Legal Aid Defendants are not state actors, and because Plaintiff has not alleged a violation of federal right, and because there is no diversity of citizenship, Plaintiff's sole cause of action alleged in the complaint fails as a matter of law. Therefore, this court should grant the Legal Aid Defendants' motion to dismiss.

ROSEN & LIVINGSTON
Attorneys for the Legal Aid Society
and Steven H. Sindos

By: _Peter I. Livingston_

Peter I. Livingston (PL 1377)
275 Madison Avenue, Suite 500
New York, ny 10016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    08 Civ. 00378 (GBD)

----------------------------------------------------------------------------------X

**AFFIDAVIT OF SERVICE**

ULYSSES WILLIAMS,

                              Plaintiff,

          -against-

STEVEN H. SINDOS, THE LEGAL AID SOCIETY, SUPERINTENDENT, ULSTER
CORRECTIONAL FACILITY, SUPERINTENDENT, OTIS BANTUM CORRECTIONAL
FACILITY,

                              Defendants.

----------------------------------------------------------------------------------X

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NEW YORK         )

          I, Olga Roussanow, being duly sworn, depose and say:  I am not a party
to the action, am over 18 years of age and reside in Queens, New York:

          On June 13, 2008 I served the attached copy of **Memorandum of
Law on Behalf of Defendants The Legal Aid Society and Steven H. Sindos in
Support of their Motion to Dismiss the Complaint** regular mail in an official
postage paid wrapper marked under the exclusive care and custody of the U.S. Postal
Service within New York State, addressed to the following at the last known address set
forth below:

Ulysses Williams, Plaintiff *Pro Se*        Ulster County Correctional Facility        Otis Bantum Correction Center
2559 Sedgwick Avenue, Apt. 4A              Attn:  Superintendent                        Attn:  Superintendent
Bronx, NY 10468                            P.O. Box 800                                 16-00 Hazen Street
                                           Napanoch, NY 12458                           East Elmhurst, NY 11370

                                                            Olga Roussanow
                                                       _____
                                                            Olga Roussanow

Sworn to before me this
13th of June, 2008

_____
Notary Public

HELEN L. TANNENBAUM
Notary Public, State of New York
No. 01TA5058241
Qualified in Queens County
Commission Expires April 1, 2010